UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Affiliated Dialysis of Joliet, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>Health Care Service Corporation, et al.<br><br>*Defendants*. | No. 23 CV 15086<br><br>Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

Plaintiff Affiliated Dialysis of Joliet, LLC ("Affiliated") moves to remand this suit back to Illinois state court on the basis this Court does not have subject-matter jurisdiction over its claims. Defendants Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois, Blue Cross Blue Shield of Arkansas, Blue Cross, Blue Shield of Texas, and Blue Cross Blue Shield of Oklahoma (collectively, "HCSC") disagree, arguing federal question jurisdiction exists. The motion turns on a single question: whether the Employee Retirement Income Security Act ("ERISA") completely preempts Affiliated's claims for breach of an implied contract and *quantum meruit*. Because this is a dispute over the rate of payment as opposed to the right of payment, the Court determines it does not, and therefore remands the case back to state court.

I. **Background**

Affiliated provides dialysis treatment to patients, including patients insured by HCSC. [Dkt. 23-1 ¶ 1.] From October 1, 2017, through September 30, 2020, the parties operated under a "Renal Dialysis Agreement" (the "Agreement"), which

1

contained the payment rates for certain treatments. [*Id.* ¶¶ 9-10.] The parties did not have a written contract for payment rates after Affiliated terminated the Agreement. [*Id.* ¶ 35.] Nevertheless, Affiliated continued to provide dialysis treatment to seven patients insured by HCSC between October 1, 2020, and January 2023. [*Id.* ¶¶ 11-12.] Affiliated sought and received authorization from HCSC each time before providing treatment. [*Id.* ¶¶ 15-16.] After rendering the services, Affiliated submitted claims for reimbursement to HCSC. Instead of paying "appropriate non-contract out-of-network rates" for the services, however, HCSC paid Affiliated at the rates listed in the terminated Agreement. [*Id.* ¶¶ 17-19.]

Affiliated alleges that HCSC understood and impliedly agreed that in the absence of a contract between insurer and medical provider, HCSC's "out-of-network schedules" govern payment rates. [*Id.* ¶¶ 36-37.] The difference between the Agreement rates and HCSC's out-of-network rates for the treatment Affiliated provided the seven patients is over $1.5 million. [*Id.* ¶ 20.] After HCSC refused to pay the out-of-network rates, Affiliated sued in Illinois state court, arguing that HCSC violated the parties' implied contract, or, in the alternative, HCSC owes Affiliated under a *quantum meruit* theory.[1] [*Id.* at 6-11.][2]

HCSC timely removed the case to federal court based on federal question jurisdiction. [Dkt. 1 at 3.] While Affiliated did not plead any federal causes of action, HCSC argues that one of the seven patient's healthcare plans was governed by

---

[1] Affiliated has also sued HCSC for underpayments related to the drug Parsabiv, but those are not at issue for purposes of this motion. [*Id.* ¶¶ 22-32.]
[2] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

2

ERISA, and therefore federal law completely preempts the claim as to that patient. [*Id.* at 4-5.] According to HCSC, Affiliated's claims for breach of implied-in-fact contract and *quantum meruit* derive from the benefits prescribed in the patient's ERISA plan. [*Id.* ¶ 23.] And because the Court has jurisdiction over a portion of Affiliated's claims, it has supplemental jurisdiction over the rest under 28 U.S.C. § 1367(a). [*Id.* at 10-13.]

In response, Affiliated moved to remand the case back to state court, arguing that the claim is not completely preempted by ERISA because its claims stem from Affiliated's relationship with HCSC, which is distinct from the ERISA plan. [Dkt. 23.]

## II. Analysis

A defendant may remove an action filed in state court when the action could have been brought in federal court. 28 U.S.C. § 1441(a). A federal court has jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "As the party seeking removal, [HCSC] bears the burden of establishing federal jurisdiction." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017).

To determine whether a complaint arises under federal law, courts employ the "well-pleaded complaint rule." *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* That is, "the plaintiff's statement of his own cause of action" must show "that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

3

But "a plaintiff may not defeat removal by omitting to plead necessary federal questions", which occurs when a plaintiff does not plead a federal cause of action, even though "federal law completely preempts a plaintiff's state-law claim." *Citadel Sec.*, 808 F.3d 694 at 701. "Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008). "The ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (internal quotations omitted).

The Supreme Court in *Davila* articulated a two-prong test for deciding whether ERISA completely preempts a state-law claim. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Complete preemption exists in an ERISA claim, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." *Id.*

HCSC is no stranger to ERISA preemption in implied contract and *quantum meruit* cases. Indeed, it has briefed this issue in the district twice in the past year alone, albeit with opposite outcomes. *Compare John Muir Health v. Health Care*

4

*Service Corp.*, 2023 WL 4707430 (N.D. Ill. July 24, 2024)[3] (remand motion denied) with *Stanford Health Care v. Health Care Service Corp.*, 2023 WL 7182990 (N.D. Ill. Nov. 1, 2023) (remand motion granted). The reason those cases were decided differently—whether the complaint raises questions over the *right* to payment as opposed to the *rate* of payment—also proves dispositive here.

HCSC paid Affiliated for the dialysis services it rendered. [Dkt. 23-1 ¶ 19.] The dispute here is whether HCSC paid Affiliate enough for those services. [*Id.*] Courts have consistently held that an insurer's alleged failure to adequately pay a medical provider constitutes a separate, independent legal duty that is incompatible with ERISA preemption under *Davila*. *Emergency Grp. of Ariz. Prof'l Corp. v. United Healthcare, Inc.*, 838 Fed. Appx. 299, 300 (9th Cir. 2021) (implied contract claim challenging "rate of reimbursement" from insurer creates legal duties that "would exist whether or not an ERISA plan existed and thus are independent from the legal obligations imposed by the ERISA plans") (internal quotations omitted); *Stanford Health Care*, 2023 WL 7182990, at *4; *Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, 2021 WL 4437166, at *9–10 (S.D.N.Y. Sept. 28, 2021); *ACS Primary Care Physicians Southwest, P.A. v. United Healthcare Ins. Co.*, 479 F. Supp. 3d 366, 373-375 (S.D. Tex. 2020) ("In a breach of implied contract case, like the one pleaded here, there is no need to interpret an ERISA plan because the claims have

---

[3] Contrary to Affiliated's briefing, the Defendant in this action is not "Evil Insurance Company." [Dkt. 23 at 8 ("This fact is also why the primary case relied upon by HCSC, *John Muir. v. Evil Insurance Company*, 2023 WL 4707430 (N.D. Ill. 2023) (unpublished), proves distinguishable.").] The Court expects more professionalism, or at least better proofreading, from counsel of this caliber.

5

already been deemed payable, and the question is simply whether payment has been made at the usual and customary rate"); *see also Franciscan Skemp Healthcare, Inc.*, 538 F.3d 594 at 599 (complete preemption does not apply when the "relevant legal duties" raised by state-law claims "are entirely independent from ERISA and any plan terms.")

Although neither party cites it, *Stanford Health* contains nearly identical issues as those presented here. In that case, a contract between Stanford and an entity related to HCSC required Stanford to provide certain treatments at set rates for insurers under the Blue Cross Blue Shield umbrella. *Stanford*, 2023 WL 7182990, at *1. Stanford rendered the services required, but HCSC, which was not a party to the contract, refused to pay at the contract rates (i.e., it paid less than the contract demanded). Stanford then sued HCSC on both implied contract and *quantum meruit* theories in state court, and HCSC removed on ERISA preemption grounds. *Id.* at *1-2.

Stanford argued preemption was inappropriate because the terms of the plan were irrelevant—the patient received treatment pursuant to the plan—and the dispute only impacted the provider and the insurer. *Id.* at *3. The court agreed, holding that issues regarding the rate of reimbursement "take each patient's eligibility [under the ERISA plan] as a given and do not call upon the court to construe or apply plan provisions." *Id.* at *4. Accordingly, the claims concerned "'the amount of payment', not the 'right to payment,' and so [are] not subject to preemption." *Id.* at *4 (quoting *Emergency Physician Servs. of N.Y.*, 2021 WL 4437166, at *9–10). Put

6

differently, the ERISA plan was effectively meaningless in adjudicating the suit, so complete preemption did not exist.

The same logic applies to this case. As Affiliated notes in its Reply, HCSC continued to pay for services at Agreement rates, so HCSC will likely argue on the merits the Agreement is still enforceable. [Dkt. 29 at 5.] But the Agreement, which is focused on payment rates for specific services, has nothing to do with the ERISA plan. HCSC's legal duty to adequately pay Affiliated is separate from its legal duty to cover the treatment as required under the ERISA plan.

The case on which HCSC primarily relies, *John Muir*, is distinguishable for this exact reason: "HCSC never paid John Muir Health for the services." *John Muir Health*, 2023 WL 4707430, at *1. So although the medical provider brought the same causes of action as Affiliated, the terms of the ERISA plan mattered because "whether John Muir Health is entitled to damages depends on what benefits and payments are owed under the relevant ERISA plans." *Id.* at *4. The *John Muir* court's citation to *Emerus Hosp. Partners, LLC v. Health Care Servs. Corp.*, 41 F. Supp. 3d 695 (N.D. Ill. 2014) proves the point. *Id.*

The *Emerus* court held that "the *right* to payment … does not involve duties completely independent of an ERISA plan." 41 F. Supp. 3d 695 at 700 (emphasis in original). Earlier in the opinion, though, Judge Gettleman approvingly summarized the reasoning of a Fifth Circuit opinion that "distinguished between a claim that implicates the *rate* of payment rather than the *right* to payment under the terms of the benefit plan and concluded that a claim that merely implicates the rate of

7

payment does not run afoul of *Davila* and is not preempted by ERISA." *Id.* (quoting *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009)) (cleaned up). That is precisely the posture of this case, where the only issue is the rate of payment.[4]

Because the Court concludes the second prong of the *Davila* test is not satisfied, it need not decide whether Affiliated "could have brought [its] claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210; *see also Emergency Grp. of Ariz. Prof'l Corp.*, 838 Fed. Appx. 299 at 300.

Finally, Affiliated has asked for an award of costs and fees in having to bring the motion to remand. [Dkt. 23.] An award of fees is permitted under 28 U.S.C. § 1447(c). "[T]he decision to award costs and fees rests within the district court's discretion." *Fincher v. South Bend Housing Authority*, 578 F.3d 567, 569 (7th Cir. 2009). "[A]bsent unusual circumstances," however, "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

The Court denies Affiliated's fee request for multiple reasons. First, Affiliated failed to develop its argument as to why an award of fees is appropriate in this case. *See Ross v. Fin. Asset Mgmt. Sys., Inc.*, 74 F.4th 429, 434 (7th Cir. 2023) (a party that fails to develop an argument waives it).

---

[4] HCSC also cites to *University of Wisconsin Hosp. & Clinics Authority v. Southwest Catholic Health Network Corp.*, where the court found ERISA preemption in a rate of payment case. [Dkt. 28 at 10; *see also* 2015 WL 402739, at *4-5 (W.D. Wis. Jan. 28, 2015).] The Court respectfully disagrees with the holding in that case for the reasons cited above, which are left unaddressed in *University of Wisconsin*, and is instead persuaded by the reasoning from this district's opinions.

8

Second, the Court cannot conclude HCSC had no objectively reasonable basis for seeking removal; it successfully did so just last year. Moreover, HCSC cited to opinions from neighboring jurisdictions where the court found ERISA preemption in a rate of payment dispute. [Dkt. 28 at 10.] While its failure to acknowledge *Stanford Health* is disappointing—HCSC was the Defendant in that action and was represented by the same counsel—the distinction between the right to payment and rate of payment has not been thoroughly explained in this district, nor explicitly adopted by the Seventh Circuit.[5] The Court therefore denies Affiliated's request for fees.

### III. Conclusion

Affiliated's motion to remand is granted. This case is remanded to the Circuit Court of Cook County, Illinois, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Affiliated's request for fees is denied.

Enter: 23 CV 15086
Date: March 20, 2024

_____
Lindsay C. Jenkins
United States District Judge

---

[5] The Court notes that Affiliated likewise did not cite to *Stanford Health* nor make the exact rate vs. right argument in its briefing, instead relying on the relevant but distinguishable *Franciscan Skemp* decision.

9